# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 23, 2015

## VICTOR D. MCMILLER, SR. v. STATE OF TENNESSEE

**Appeal from the Claims Commission for the State of Tennessee**
**No. T20110052      William O. Shults, Commissioner**

---

### No. E2014-01006-COA-R3-CV-FILED-APRIL 27, 2015

---

This appeal arises from inmate Victor D. McMiller, Sr.'s ("Claimant") lawsuit against the State of Tennessee ("the State") for negligence. According to Claimant, he was injured when he fell off a bunk bed, and, given his medical status, the State never should have required him to use a top bunk as it did. The Tennessee Claims Commission found that the State was predominantly at fault in the incident but that Claimant failed to prove he actually was injured by the fall, thus defeating the negligence claim. Claimant appeals. We affirm the judgment of the Claims Commission.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Victor D. McMiller, Sr., pro se appellant.

Herbert H. Slatery, III, Attorney General and Reporter; Andreé Blumstein, Solicitor General; and, Pamela S. Lorch, Senior Counsel, Office of the Attorney General, for the appellee, the State of Tennessee.

# MEMORANDUM OPINION[1]

## Background

Claimant, an inmate of the Tennessee Department of Correction, filed a complaint in the Claims Commission alleging negligence on the part of the State relating to Claimant's fall from a bunk bed. On July 8, 2010, Claimant fell while trying to climb to his top bunk. According to Claimant, the State was negligent in assigning him to a top bunk given his restricted health assessment classification.

This matter was tried in November 2013. Numerous witnesses testified regarding how Claimant came to be assigned a top bunk. The State on appeal, however, does not dispute the Claims Commission's findings regarding fault, and a discussion of fault is not necessary to our disposition of this appeal. We, therefore, focus on the medical evidence concerning damages as presented to the Claims Commission.

The Claims Commission considered the deposition testimony of Dr. Dane Lee. Dr. Lee treated Claimant. Dr. Lee testified that x-rays of Claimant did not reveal injuries necessarily resulting from a fall. Rather, Dr. Lee testified that Claimant suffered from chronic arthritic and osteoarthritic issues. Dr. Lee stated that Claimant had a congenital spinal condition. Claimant has a long history of degenerative disc disease with lumbar pain dating back to the early 1990s. In Dr. Lee's opinion, none of Claimant's arm weakness or numbness resulted from a fall. Dr. Lee stated that he could not agree with a reasonable degree of medical certainty that Claimant's July 2010 fall caused him to require back and neck surgery in July and November 2011. Indeed, Dr. Lee could not attribute any significant injury from the fall to Claimant within a reasonable degree of medical certainty. Dr. Lee also testified that Claimant's need for pain medication would exist even without the fall given his degenerative disc and stenosis conditions. Claimant presented no contrary medical proof.

In April 2014, the Claims Commission entered its final judgment. The Claims Commission found the State 55% at fault to Claimant's 45% for Claimant's fall. However, the Claims Commission also found that Claimant had failed to prove that he suffered any injury or damages from the fall. The Claims Commission stated in its final judgment, in part:

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[E]ven though the State's negligence exceeded by a small degree that of the Claimant, we cannot find that Mr. McMiller has established by a preponderance of the evidence the causal connection between his fall of July 8, 2010, and the conditions which have resulted in two separate surgeries and the current condition of Claimant's cervical and lumbar spine.

Claimant timely appealed to this Court.

## Discussion

Claimant raises over 20 issues on appeal. Respectfully, however, these issues as presented are not meaningful for purposes of appellate review. We restate and consolidate Claimant's numerous issues into the following single and dispositive issue: whether the Claims Commission erred in finding that Claimant failed to prove by a preponderance of the evidence that he was injured by the fall from his bunk bed.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

As our Supreme Court has explained regarding negligence:

In order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause."

*Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011) (quoting *Giggers v. Memphis Hous. Auth.,* 277 S.W.3d 359, 364 (Tenn. 2009)).

The evidence in the record on appeal reflects that Claimant suffered from longstanding medical problems related to his spine. The evidence contained in the record, including Dr. Lee's testimony, does not preponderate against the Claims Commission's finding that Claimant suffered no distinct injury or damages from his fall from the bunk bed. Rather, it appears, as found by the Claims Commission, that

Claimant suffers chronic health problems apart from and unrelated to any fall. No medical proof contradicting Dr. Lee's testimony was presented at trial.

While we are mindful of the inherent hardships the incarcerated Claimant likely faced in bringing his lawsuit, there simply must be an injury or loss to sustain a negligence claim. Claimant failed to prove he suffered an injury or loss as a result of the fall. Therefore, regardless of the State's predominant fault in the fall, the absence of an essential element—injury or loss—serves to defeat Claimant's negligence claim against the State. This being so, we affirm the judgment of the Claims Commission.

## Conclusion

The judgment of the Claims Commission is affirmed, and this cause is remanded to the Claims Commission for collection of the costs below. The costs on appeal are assessed against the Appellant, Victor D. McMiller, Sr., and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE